E. G. ROGERS & CO. *v.* THE NASHVILLE MARINE AND FIRE INSURANCE COMPANY.

It follows from the right of the insured to abandon as for a constructive total loss, that he has the legal right to recover the whole amount of insurance, and the safe arrival of the merchandize at the port of destination, does not divest the right when once acquired.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*Durant & Horner*, for plaintiffs and appellants. *Cohen*, for defendants.

OGDEN, J. This action is based on a policy of insurance. The facts do not admit of any controversy. The defendants insured the hull and freight of the brig Clarion, on a voyage from New Orleans to San Francisco—a risk of $2000 on the hull, and $5,500 on the freight was taken by the defendants, and the Cresent Mutual Insurance Company took similar risks for the same amount, making the whole insurance on the hull $4000, and on the freight $11,000. The vessel, while repairing in the harbor of Rio de Janeiro, where she had been driven by stress of weather, was so badly injured in a blow that came on, as to render her unseaworthy. She was condemned and ordered to be sold, and the merchandise was reshipped to San Francisco by the British bark Ivy Green, at a charge of $9000.

On receipt of intelligence of these facts in New Orleans, the plaintiffs, who were the insured, made an abandonment to both companies of the hull and freight, and claimed as for a constructive total loss. A total loss was paid by both companies upon the policies, as regarded the hull, and a payment of four thousand five hundred dollars each, was made on account of the loss on freight,

ROGERS & Co.
*v.*
NASHVILLE M. &
F. INS. Co.

with the stipulation that such partial payment should not prejudice the rights of either the insurer or the insured. The record contains an admission, that the merchandise reached its port of destination in safety.

On this state of facts, the question is, whether the defendants are liable for a constructive total loss of the freight, or only for a partial loss, which it was their design to settle by the payment already made. The defence set up, that there was no formal abandonment and no acceptance of it, is untenable. The intention to abandon and the fact of abandonment is sufficiently shown by the settlement between the parties. The acceptance was not necessary to bind the company, but the settlement also proves their acceptance, with a reservation as to the freight.

The reshipment of the merchandise on another vessel, could not affect the right of the plaintiff's to claim as for a total loss. As the charge for reshipment was over one-half of the original freight, the insured had a right to make an abandonment of the freight as well as hull.

The abandonment appears to have been seasonably made, and the claim which was then made for a total loss, having been settled with the reservation of the legal rights of both parties as to the balance of the original freight, the only question is, whether at the time of the abandonment, the plaintiffs had a right to claim this balance of original freight. It necessarily follows from the right to abandon for freight as well as for the hull, that the plaintiffs were then legally entitled to claim the whole amount of insurance for freight, and the safe arrival of the merchandise by another vessel at the port of destination, could not divest the right of the insured when once acquired. The voyage for which the insurance was affected was broken up, and the legal effect of the abandonment, as there was a loss of more than one-half on both hull and freight, was to render the underwriters liable as for a constructive total loss, and invest them with all the interest of the insured, in both the hull and the freight. See 2 Phillips on Ins. 1853, 271–2, 337 to 340 and 341.

It is therefore ordered, that the judgment of the court below be avoided and reversed, and that there be judgment in favor of the plaintiffs against the defendants, for the sum of one thousand dollars, with legal interest from judicial demand ; and that the defendants pay costs in both courts.